UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LARRY BAILEY, | ) | |
| Petitioner, | ) | 2:17-cv-00866-JCM-PAL |
| vs. | ) | **ORDER** |
| JO GENTRY, *et al.*, | ) | |
| Respondents. | ) | |

  This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Larry Bailey, a Nevada prisoner.

  In reviewing Bailey's petition under Rule 4 of the Rules Governing Section 2254 Cases, the court notes the conviction and sentence Bailey seeks to challenge was entered in August of 2008, with his subsequent direct appeal decided on December 4, 2009. There is no indication Bailey sought a writ of certiorari in the United States Supreme Court. Bailey waited until September 18, 2015, to file petition for post-conviction relief in the state court. Thus, it does not appear he initiated this action within the one-year limitation period in 28 U.S.C.§2244(d)(1). Consequently, Bailey must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

  Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year

limitation period in 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." So, in the present case, the limitation period began running 90 days from the date the Nevada Supreme Court decided Bailey's direct appeal, *i.e.*, on Thursday, March 4, 2010. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Absent tolling or delayed accrual, the limitation period expired one year later on Friday, March 4, 2011.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (citation omitted). Also, once a state post-conviction proceeding pursuant a properly filed application has concluded, the statutory time period resumes running.

Bailey is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292

1  F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and
2  the lateness of his filing. *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v.*
3  *Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

4  Bailey is advised that the equitable rule in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), "applies
5  only to the issue of cause to excuse the procedural default of an ineffective assistance of . . . counsel
6  claim that occurred in a state collateral proceeding" and "has no application to the operation or
7  tolling of the § 2244(d) statute of limitations" for filing federal habeas petitions. *Chavez v. Sec'y,*
8  *Fla. Dep't of Corr.*, 742 F.3d 940, 943 (11th Cir. 2014) (citing *Arthur v. Thomas*, 739 F.3d 611,
9  629-631 (11th Cir. 2014)). *See Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does
10 not extend to the statute of limitations period under 28 U.S.C. § 2244(d)(1)(B)) .

11 Under certain circumstances, the one-year limitation period may begin running on a later date
12 or, as mentioned, may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B-D) & (d)(2).

13 Finally, Bailey has also filed a motion for appointment of counsel. ECF No. 3. Pursuant to
14 18 U.S.C. §3006A(a)(2)(B), the district court has discretion to appoint counsel when it determines
15 the "interests of justice" require representation. There is no constitutional right to appointed counsel
16 for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555(1987); *Bonin v.*
17 *Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally
18 discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d
19 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are
20 such that denial of counsel would amount to a denial of due process, and where the petitioner is a
21 person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801
22 F.2d at1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

23 The initial threshold issue of timeliness is not complex. Based on the documents already
24 submitted, the court finds Bailey capable of addressing that issue without assistance of counsel.
25 Thus, appointment of counsel is not warranted at this point in the proceeding; and, Bailey's motion
26

shall be denied. Should he demonstrate that his petition is timely, Bailey may move the court to reconsider this issue.

**IT IS THEREFORE ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall **show cause** in writing why the petition should not be dismissed with prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.[1]

**IT FURTHER IS ORDERED** that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

**No extension of time will be granted to respond to this order except in the most compelling of circumstances.**

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.

Dated April 6, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[1] This order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.