# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LARRY BAILEY, | ) | |
| Petitioner, | ) | 2:17-cv-00866-JCM-PAL |
| vs. | ) | **ORDER** |
| JO GENTRY, *et al.*, | ) | |
| Respondents. | ) | |

On April 6, 2017, this court entered an order directing petitioner Bailey to show cause why his habeas corpus petition under 28 U.S.C. § 2254 should not be dismissed as untimely. ECF No. 9. As noted in that order, Bailey's state judgment of conviction was entered in August of 2008, with his subsequent direct appeal decided on December 4, 2009, but Bailey waited until September 18, 2015, to file a petition for post-conviction relief in the state court. He initiated this proceeding on February 24, 2017. Bailey has filed his response to the order to show cause. ECF No. 10. For the reasons that follow, Bailey has failed to establish sufficient grounds upon which the court could find his petition timely.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

So, in the present case, the limitation period began running 90 days from the date the Nevada Supreme Court decided Bailey's direct appeal, *i.e.*, on Thursday, March 4, 2010. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Absent tolling or delayed accrual, the limitation period expired one year later on Friday, March 4, 2011.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, if a state court determines the collateral challenge was not timely filed under state law, the collateral challenge is not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). In other words, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. at 414 (citation omitted). Also, once a state post-conviction proceeding pursuant to a properly filed application has concluded, the statutory time period resumes running.

Bailey does not dispute that he is not entitled to statutory tolling because his state petition for post-conviction relief was untimely. He argues, however, that he is entitled to equitable tolling of the statutory period. While equitable tolling is a recognized exception to § 2244(d), it is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his

filing.  *E.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Bailey claims that near or during the time of his one-year deadline for filing a state habeas petition he was in lockdown at Ely State Prison, with limited access to legal resources.[1]  He further explains that in December 2010, he mistakenly filed a habeas petition in this court instead of state court.  *See Bailey v. McDaniels*, 3:10-cv-00757-LRH-RAM.  He contends that this mistake was due to the prison law library providing him with the wrong forms.  The federal petition was dismissed when Bailey failed to pay the filing fee or file a motion to proceed *in forma pauperis* within the time provided, an occurrence for which he blames prison officials.  Bailey claims that, upon discovering he had filed his petition in federal court, he did not file a state habeas petition because he was advised by prison law clerks that it would be dismissed as untimely.  He also claims he was unaware that he could have proceeded with his timely-filed federal petition.

While perhaps unfortunate, Bailey's failure to recognize that he was filing his petition in the wrong court or that he should have filed a petition in state court notwithstanding the advice he received from prison law clerks does not constitute an extraordinary circumstance warranting equitable tolling.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (2006) (petitioner's ignorance of the law and inability to correctly calculate the limitations period did not provide grounds for equitable tolling); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir.2009) (petitioner's confusion or ignorance of the law is not an extraordinary circumstance for equitable tolling).  Likewise, his alleged lack of access to legal resources while in lockdown does not qualify either.  *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (holding that petitioner's stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because it was neither "extraordinary"

---

[1]  At the relevant time, Nevada law (Nev. Rev. Stat. § 34.726) provided that a post-conviction habeas petition "must be filed within 1 year after entry of the judgment of conviction or, if an appeal has been taken from the judgment, within 1 year after the Supreme Court issues its remittitur."

3

nor did it make it "impossible" for him to file his petition in a timely manner); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically qualifies as grounds for equitable tolling).

In some instances, obstacles imposed by prison officials may serve as grounds for equitable tolling. *See Grant v. Swarthout*, 862 F.3d 914, 925 (9th Cir. 2017) (granting equitable tolling due to prison officials' delay in providing requested document necessary to file prisoner's petition for habeas corpus). Here, the law library providing Bailey with the wrong forms does not strike this court as an "extraordinary circumstance." Moreover, Bailey shared the blame by not recognizing or correcting the error. The alleged delay by prison officials in providing Bailey with documents in relation to his *in forma pauperis* motion is more compelling. However, unlike the petitioner in *Grant*, Bailey has not satisfied the first prong of the *Holland* test. *Cf. Grant*, 862 F.3d at 925 ("[I]t is obvious that Grant was diligent after the extraordinary circumstance had ended: he received his prison account certificate on December 19 and constructively filed his petition the same day.").

According to Bailey's response to the order to show cause, all the circumstances recounted above occurred in 2010 and 2011. Absent from his response is any justification for waiting until September of 2015 to further pursue post-conviction relief. Accordingly, he has not shown that he has been "pursuing his rights diligently." *See Mendoza v. Carey*, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence" during the relevant time period); *see also Pace*, 544 U.S. at 419 (rejecting equitable tolling and noting in part that petitioner waited over five months after his state post-conviction proceedings became final before filing his federal habeas petition).

Finally, Bailey also claims that he is entitled to equitable tolling because he is actually innocent. To qualify for the equitable exception to the timeliness bar based on actual innocence, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (quoting

*Schlup v. Delo*, 513 U.S. 298, 327 (1995)). However, "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup*, 513 U.S. at 316).

Here, Bailey does not cite to any new evidence, but instead premises his actual innocence on an argument that the jury in his case was not properly instructed on theories of criminal liability. That does not suffice. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (" '[A]ctual innocence' means factual innocence, not mere legal insufficiency."). And, here again, Bailey does not account for waiting several years before presenting his claim of innocence. *See McQuiggin*, 133 S. Ct. at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.").

In sum, there has been no showing that Bailey's one-year limitation period began running on a date later than March 4, 2010, or that statutorily tolling renders the petition timely. *See* 28 U.S.C. § 2244(d)(1)(B-D) & (d)(2). In addition, Bailey has not sufficiently demonstrated both the diligent pursuit of his rights and the existence of extraordinary circumstances that prevented him from seeking federal habeas relief in a timely manner. Thus, his petition shall be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that petitioner's petition for writ of habeas corpus (ECF No. 1) is DISMISSED with prejudice as untimely. The Clerk shall **enter** judgment accordingly.

**IT IS FURTHER ORDERED** that the court declines to issue certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Attorney General for the State of Nevada, as counsel for respondents, and shall electronically serve upon respondents a copy of this order. No response is necessary.

\ \ \

\ \ \

5

1     **IT FURTHER IS ORDERED** that petitioner's motion for leave to proceed *in forma*
2 *pauperis* (ECF No. 2) is DENIED as moot.
3     Dated December 12, 2017.

                                                _____
                                                UNITED STATES DISTRICT JUDGE